[Cite as *Nelnet, Inc. v. Young*, 2014-Ohio-3521.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nelnet, Inc. [Municipal Tax Property LLC], | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-1092 |
| v. | : | (C.P.C. No. 11 CV 012669) |
| Michael J. Young, Trustee, | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| K & L Partnership et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 14, 2014

*Law Office of Schwartz & Associates, Benjamin M. Golsky* and *Kirk W. Liederbach*, for plaintiff-appellee.

*Michael J. Young*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Michael J. Young, Trustee ("appellant"), appeals pro se from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Municipal Tax Property, Inc. ("MTP"), on a complaint for foreclosure pursuant to a tax certificate issued by the Franklin County Treasurer. Because we conclude that there was no error regarding the correct party to pursue the action as plaintiff after the trial court vacated its original default judgment order, we affirm.

{¶ 2}    This case originated when Nelnet, Inc. ("Nelnet") filed a complaint on October 11, 2011, asserting that it had purchased Tax Certificate No. 010-019193-00-P1-0015-09 at public auction from the Franklin County Treasurer. Nelnet claimed that the tax certificate constituted a first lien on certain property identified as "Creswick St.," located in Franklin County, Ohio. Nelnet asserted that the certificate redemption price was due and unpaid and sought foreclosure on the Creswick St. property. The complaint named appellant as one of several defendants.

{¶ 3}    On May 10, 2012, Nelnet moved for default judgment against some of the defendants, including appellant. The trial court granted a default judgment and decree of foreclosure on May 11, 2012. Subsequently, on January 17, 2013, Nelnet filed a motion to substitute MTP as plaintiff, asserting that it had transferred its interest in the tax certificate to MTP and that the same counsel was attorney of record for both of these related entities. The trial court granted the motion to substitute on January 22, 2013, and ordered MTP substituted as plaintiff, without change to the counsel of record.

{¶ 4}    On March 22, 2013, appellant, appearing pro se, filed a motion to vacate the default judgment, asserting that he was never served with a copy of the complaint or other pleadings.  The trial court granted the motion to vacate and vacated the default judgment order.  MTP's counsel requested service of the complaint and summons on appellant, and appellant filed an answer to the complaint. MTP then moved for summary judgment, asserting that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. The trial court granted the motion for summary judgment, issuing a judgment of foreclosure pursuant to the lien existing under the tax certificate.

{¶ 5}    Appellant appeals from the trial court's judgment, assigning two errors for this court's review:

> Assignment of Error No. 1
>
> THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF NELNET INC., AS PLAINTIFF NELNET INC. HAD TRANSFERRED ITS INTEREST IN THE ACTION TO SUBSTITUTE PLAINTIFF MUNICIPAL TAX PROPERTY, LLC, AND, <u>AFTER</u> SAID TRANSFER OF NELNET'S INTEREST TO SAID MUNICIPAL TAX PROPERTY LLC, THE ORIGINAL JUDGMENT AGAINST DEFENDANT AND

ASSUMED BY SUBSTITUTE PLAINTIFF MUNICIPAL TAX PROPERTY LLC, WAS SET ASIDE BY THE TRIAL COURT BECAUSE OF MISCONDUCT BY ORIGINAL PLAINTIFF NELNET INC. IN A RULE 60(B) MOTION FILED BY DEFENDANT. PLAINTIFF NELNET INC. IS NOT A PROPER PARTY IN THE INSTANT CASE, AND SUBSTITUTE PLAINTIFF MUNICIPAL TAX PROPERTY LLC HAS NO STANDING IN THE JUDGMENT ENTERED BY THE TRIAL COURT ON NOVEMBER 26, 2013. SUBSTITUTE PLAIN-TIFF MUNICIPAL TAX PROPERTY LLC NEVER JOINED IN THE COMPLAINT RE-FILED BY ORIGINAL PLAINTIFF NELNET INC. AFTER THE ORIGINAL JUDGMENT WAS SET ASIDE BY THE TRIAL COURT, AND NELNET INC., HAVING TRANSFERRED ITS INTEREST IN THIS ACTION TO SUBSTITUTE PLAINTIFF MUNICIPAL TAX PROPERTY LLC, HAD NO STANDING TO RE-FILE AND/OR RE-SERVE DEFENDANT.

Assignment of Error No. 2

THE PURPORTED SALE OF THE TAX CERTIFICATE REFERENCED IN PLAINTIFF'S COMPLAINT IS INVALID AS THE PROVISIONS CITED IN THE OHIO REVISED CODE, SPECIFICALLY O.R.C. 5721.30 THRU [sic] 5721.43, ARE UNCONSTITUTIONAL AND AGAINST PUBLIC POLICY. THE COUNTY TREASURER'S OFFICE ONLY IS AUTHORIZED TO COLLECT REAL ESTATE TAXES FROM RESPECTIVE PROPERTY OWNERS. THE PURPORTED SALE OF SO CALLED "TAX CERTIFICATES" TO THIRD PARTIES IS AN INVALID DELEGATION OF THE TREASURER'S COLLECTION AUTHORITY AND COM-PLETELY DISREGARDS THE INTENT OF THE COUNTY TREASURER'S RESPONSIBILITIES.

{¶ 6} We review a trial court's ruling on a summary judgment motion de novo. *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Citations omitted.) *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can

come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6.

{¶ 7} Appellant's first assignment of error asserts that the trial court erred by granting summary judgment because Nelnet was not the real party in interest and lacked standing to pursue the lawsuit. Appellee responds that, because Nelnet was the certificate holder at the time it filed the complaint, Civ.R. 25(C) permitted Nelnet to pursue the suit after transferring its interest in the tax certificate to MTP. Civ.R. 25(C) provides that, "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

{¶ 8} Reviewing the record before us, we need not reach the question of whether Civ.R. 25(C) authorized Nelnet to continue the action because it appears that, after the court vacated the initial default judgment, it was MTP that pursued the case because MTP had already been substituted as plaintiff. In his motion to vacate, appellant asserted that he had not been served with the complaint or other pleadings in the case. The trial court granted the motion to vacate the judgment on June 20, 2013. Counsel for MTP, who had also previously served as counsel for Nelnet, then requested that the clerk of courts serve copies of the original complaint and summons on appellant. After appellant filed an answer to the complaint, MTP filed a motion for summary judgment, referring to itself in the motion as the "substituted plaintiff." Thus, although the original complaint that was served on appellant contained Nelnet's name as plaintiff, it was MTP that pursued the case following the order vacating the default judgment, and it was MTP that sought summary judgment. Therefore, despite appellant's assertion, the trial court did not erroneously grant summary judgment in favor of a party that lacked standing to pursue the litigation.

{¶ 9} Accordingly, we overrule appellant's first assignment of error.

{¶ 10} In his second assignment of error, appellant argues that the statutes authorizing the sale of tax certificates by county treasurers are unconstitutional. There is a presumption of constitutionality for lawfully enacted legislation. *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, ¶ 24. "[B]efore a statute is struck down 'it

must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.' " *Id.*, quoting *State ex rel. Dickman v. Defenbacher*, 126 Ohio St. 142 (1955), paragraph one of the syllabus. Appellant's brief does not cite any specific constitutional provision that he asserts is in conflict with the challenged statutory provisions. Appellant also fails to cite any case law in support of his second assignment of error. Therefore, appellant has failed to demonstrate beyond a reasonable doubt that the statutes are clearly incompatible with a constitutional provision.

{¶ 11} Accordingly, we overrule appellant's second assignment of error.

{¶ 12} For the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ.

_____